UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CARRIE M. HALL,

                 Plaintiff,

   v.

MICHAEL S. JONES and MARY COLTER,

                 Defendants.

No. C10-5474 RBL/KLS

**REPORT AND RECOMMENDATION**
**Noted For: November 5, 2010**

This civil rights action has been referred to the undersigned United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.

It has been more than sixty days since the court's latest mailings to Plaintiff were returned and the court does not have a current address for the Plaintiff. Therefore, the undersigned recommends that the court dismiss this action as Plaintiff appears to have abandoned her case.

## DISCUSSION

On July 29, 2010, Plaintiff's application to proceed *in forma pauperis* was granted. Dkt. 6. On the same day, Plaintiff's civil rights complaint was docketed by the clerk and the court directed service. Dkts. 7 and 8. Copies of the orders granting leave to proceed *in forma pauperis* and directing service were mailed to Plaintiff at her last known mailing address at the Washington Corrections Center for Women in Gig Harbor, Washington. These were returned as undeliverable ("Refused Unable to Forward Not at WCCW") on August 12, 2010. On August 30, 2010, the court entered a Scheduling Order and directed a copy be sent to the Plaintiff. That

REPORT AND RECOMMENDATION - 1

mailing was also returned as undeliverable, marked "Not at WCCW", on September 8, 2010. Dkt. 15.

Plaintiff has not notified the court of her current address. Local Rule 41(b)(2) states:

> A party proceeding pro se shall keep the court and opposing parties advised as to his current address. If mail directed to a pro-se plaintiff by the clerk is returned by the post office, and if such plaintiff fails to notify the court and opposing parties within sixty days thereafter of his current address, the court may dismiss the action without prejudice for failure to prosecute.

This action has existed more than sixty days without a current address for the Plaintiff. Dismissal without prejudice for failure to prosecute is appropriate. Accordingly, the undersigned recommends **DISMISSAL WITHOUT PREJUDICE** for failure to prosecute pursuant to Local Rule 41(b)(2).

## CONCLUSION

The Court should dismiss this action without prejudice as Plaintiff has left no forwarding address and appears to have abandoned the case.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **November 5, 2010**, as noted in the caption.

DATED this 13th day of October, 2010.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 2